IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GENE SALOIS, | CV 25-71-M-BMM |
| Plaintiff, | |
| vs. | ORDER |
| HANEY, ET AL., | |
| Defendants. | |

Plaintiff Gene Salois filed a 42 U.S.C. § 1983 Complaint. (Doc. 1.) The
Complaint violated Fed. R. Civ. P. 8, and the Court directed Salois to file an
Amended Complaint. (Doc. 13.) Salois has done so. (Docs. 14, 15 and 16.) The
Amended Complaint fails to state a claim for relief and is dismissed.

**I. STATEMENT OF THE CASE**

Plaintiff Salois, proceeding in forma pauperis and pro se, is a pretrial
detainee at Missoula County Detention Center. Salois has filed an Amended
Complaint on the Court's form, as directed, with an attachment. (Doc. 14.) Salois
also filed two additional supplements (with another attachment). (Docs. 15, 16, and
16-1.) These documents are construed, altogether, as his amended pleading. The

1

Court has screened all of these documents to determine whether Salois states a claim for relief.

Salois identifies as defendants Missoula County Attorneys William Haney, Ryan Mickelson, and Matt Jennings; Missoula County Judges Landee Holloway, Alex Beal, and Tara Elliot; and public defenders Doni Broomsfield, and Alex Skunz. (Doc. 14 at 2 - 3.) Salois also filed a supplement to his Amended Complaint that includes a list of 74 names, accompanied by various numbers and some with asterisks to designate the type of relief sought from these individuals. (Doc. 14-1 at 2 – 3.) These names will not be listed as defendants here, because for most of them, no logical or plausible connection exists between them and the content of Salois's Amended Complaint. In addition, for most of these defendants, there are no allegations whatsoever.

Salois identifies the source of his claims as various rights of accused persons, such as confrontation, speedy trial, and invasion of privacy, defamation, "gaslighting", racketeering, gang stalking, and lack of habeas corpus. (Docs. 14 at 3; 16.) Most of Salois's specific factual allegations relate to aspects of his criminal proceeding. Salois claims the prosecution is based on lies, and he was not Mirandized prior to his interrogation by Officer McGregor. (Doc. 14 at 4.) Salois further alleges that various public defenders have not pursued dismissal of his charges on this basis. *Id.*

Salois further alleges that "most officers" at Missoula County Detention "compound cruel and unusual punishment with hateful attitudes." (Doc. 14 at 5.) These allegations are conclusory and do not identify incidents or persons involved.

The attachment to the Court's form on which the list of 74 defendants appears also includes a list that is labelled "Overview of Types of Lawsuits." (Doc. 14-1 at 3 – 7.) This list reports a combination of legal citations, statements of law, and assertions of fact regarding Salois's incarceration and charges, and various other topics of concern to Salois. Salois's statement of injuries includes injuries he has had that are unrelated to any events alleged against the named defendants. (Doc. 14 at 5.) It is not clear if he alleges any injury has occurred while detained. Salois seeks money damages. *Id.*

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Salois is a detainee proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another."

*Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of her "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

Courts apply a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, a court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III.  ANALYSIS

For the following several reasons, Salois's Complaint fails to state a claim and must be dismissed.

### A. Federal Rules of Civil Procedure 8, 18 and 20

The Court's prior Order explained the requirements of Rule 8 to Salois. The overarching deficiency of Salois's Amended Complaint is that it violates Fed. R. of

Civ. P. 8(a)(2) by "mix[ing] allegations of relevant facts, irrelevant facts, political argument, . . . legal argument," and "storytelling." *McHenry v. Renne*, 84 F.3d 1172, 1174-76 (9th Cir. 1996). Salois's Complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Instead, he has submitted dozens of pages discussing irrelevant conduct of defendants, issues related to homelessness and Satanism, and unrelated actions taken by non-Defendants. Most of the events mentioned, but not described in detail, relate to his ongoing criminal charges. These are not short and plain statements that show Salois's rights were violated and by whom. All of the extraneous material makes the Complaint as a whole subject to dismissal, as it is neither the Court's nor any defendant's job to sort the wheat from the chaff.

For the few claims that Salois alleges with relative specificity, he fails to identify who is responsible for the harms or to provide sufficient facts to state a claim. None of Salois's claims put the elements together, such as, who did what to him. Salois fails to state what each defendant did to him specifically, the approximate date of the occurrence, and how that action violated or caused a violation of a federal right. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In addition to the lack of the specificity required by Rule 8, Salois's Amended Complaint attempts to state too many unrelated claims against too many

unrelated defendants. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George*, 507 F.3d at 607. Salois has combined too many disparate claims about various occurrences within and outside of the detention center, and too many defendants, in one lawsuit.

### B. *Younger* Abstention and *Heck* Bar

For two reasons, Salois's multiple claims regarding his ongoing prosecution cannot be heard in this court. A strong policy exists against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding*

*v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968).

*Younger* directs federal courts to abstain from granting injunctive or declaratory

relief that would interfere with pending state judicial proceedings. *Martinez v.*

*Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other*

*grounds, Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*,

401 U.S. at 40-41). Federal courts may raise the issue of *Younger* abstention *sua*

*sponte*. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132,

143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San*

*Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998) (noting that the district and

appellate courts can raise the issue *sua sponte*).

"Abstention in civil cases 'is appropriate only when the state proceedings:

(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's

interest in enforcing the orders and judgments of its courts, (3) implicate an

important state interest, and (4) allow litigants to raise federal challenges.'" *Cook*

*v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare,*

*Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint*

*Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements"

are met, then the Court must "consider whether the federal action would have the

practical effect of enjoining the state proceedings and whether an exception to

*Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978,

983–84.

The "threshold elements" of *Younger* are present. Salois's allegations relate to ongoing criminal proceedings against him, including claims related to his arrest, his bond, and his public defender's performance. State criminal enforcement actions implicate an important state interest to enforce the local and state laws.  *See Younger*, 401 U.S. at 43-44. The State of Montana has a significant state interest in prosecuting violations of the laws of Montana.  This Court may not interfere with those interests when the process is ongoing.

Salois will have an adequate opportunity in Montana state district court to raise any issues he has regarding his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46.  Salois has opportunities under Montana law to address any alleged violations of his federal rights in his criminal proceeding.

"*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding Salois's ongoing state criminal proceeding would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law."

*Gilbertson*, 381 F.3d at 984. To rule on Salois's Complaint in these circumstances would impermissibly risk interfering with the State of Montana's administration of its judicial system.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating Salois's claims. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). Salois has not alleged an exceptional circumstance sufficient to avoid abstention.

If abstention is appropriate under *Younger* and the federal plaintiff seeks monetary damages, as here, the proper procedural remedy is to stay the federal proceedings pending the outcome of the ongoing state proceedings. If the federal plaintiff seeks only injunctive or declaratory relief, the proper procedural remedy is dismissal of the federal action. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007). Though a stay would be appropriate in this case, in conjunction with the other deficiencies of Salois's Amended Complaint, dismissal is required.

Consideration of Salois's claims related to his prosecution also will be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck*, the U.S. Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" previously invalidated. *Id.* at 486 - 87. No reversal of a Montana state court conviction has happened. Salois cannot pursue a damages claim regarding that conviction in federal court.

### C. Immunity

Salois names several defendants who have immunity on his claims, including Missoula County Attorneys William Haney, Ryan Mickelson, and Matt Jennings; Montana state court Judges Landee Holloway, Alex Beal, and Tara Elliot; and public defenders Doni Broomsfield, and Alex Skunz.

Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). This immunity exists even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023,

1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430–31. "Prosecutors are absolutely immune from liability for the consequences of their advocacy, however inept or malicious, because it is filtered through a neutral and detached judicial body[.]" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 913 (9th Cir. 2012).

Salois alleges, without specific details, that the "order of probable cause" signed by Defendants Haney and Jennings that led to his arrest was based on lies. An order would unlikely be signed by the prosecutors, but the Court will interpret this as an affidavit or motion in support of a warrant. (Doc. 14 at 4.) If a Defendant fabricated facts in his or her affidavit in support of an arrest warrant, he or she may not be protected by absolute prosecutorial immunity.

> "Testifying about facts is the function of the witness, not of the lawyer. No matter how brief or succinct it may be, the evidentiary component of an application for an arrest warrant is a distinct and essential predicate for a finding of probable cause. Even when the person who makes the constitutionally required "Oath or affirmation" is a lawyer, the only function that she performs in giving sworn testimony is that of a witness."

*Kalina v. Fletcher*, 522 U.S. 118, 130–31 (1997).

Salois's allegations do not identify the falsehoods allegedly asserted by any defendant, or provide any detail as to why he believes any affidavit was false testimony. To state a claim, Salois must provide facts to plausibly allege that any probable cause affidavit was supported on the lies of these defendants, making the

conduct testimonial, and not the lies of someone else. Without those facts, these defendants are presumed immune. (It is unlikely, in any event, that all three of these prosecutors filed sworn affidavits in support of an arrest warrant. Thus, at least two would be absolutely immune.)

Montana state court Judges Landee Holloway, Alex Beal, and Tara Elliot are absolutely immune on Salois's claims. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Lund v. Cowan,* 5 F.4th 964, 972 (9th Cir. 2021) ("[A] judicial act does not stop being a judicial act even if the judge acted with 'malice or corruption of motive.'" (citation omitted)).

Public defenders also cannot be sued under 42 U.S.C. § 1983, but for a different reason. § 1983 creates a cause of action against those acting "under color of" state law. Defendants Broomfield and Skunz's actions as Salois's attorney cannot be considered to be "state action," because they are specifically opposed to the state in the court of law. "[I]t is the function of the public defender to enter "not guilty" pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities." *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981)

(concluding public defenders to not act under color of law within the meaning of §

1983). Salois cannot state a claim under § 1983 against the public defenders.

## IV. CONCLUSION

For the foregoing reasons, Salois's Amended Complaint violates Rules 8, 18

and 20, fails to state a plausible claim for relief, asserts claims against immune

defendants, and is not proper for federal intervention. The Amended Complaint is

dismissed.

Accordingly, it is HEREBY ORDERED:

1.      This matter is DISMISSED for failure to state a claim upon which

relief can be granted.

2.      The Clerk of Court is directed to close this matter and enter judgment.

In that case, the Clerk of Court is directed to have the docket reflect that the Court

certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure

that any appeal of this decision would not be taken in good faith.

3.      The Clerk of Court is directed to have the docket reflect that the

dismissal of this Complaint counts as a strike against Salois within the meaning of

28 U.S.C. § 1915.

DATED this 9th day of September, 2025.


_____
Brian Morris, Chief District Judge
United States District Courts